IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST; NORTHWEST SHEET METAL WORKERS WELFARE FUND; NORTHWEST SHEET METAL WORKERS PENSION FUND; NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST; WESTERN WASHINGTON SHEET METAL TRAINING TRUST; NORTHWEST SHEET METAL LABOR MANAGEMENT COOPERATION TRUST; and SHEET METAL WORKERS LOCAL 66, <br><br>Plaintiffs, <br><br>v. <br><br>CRESCENT MECHANICAL, INC., a Washington corporation; GUY HAMILTON, an individual; and NANCY HAMILTON, an individual, <br><br>Defendants. | No. <br><br>**COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF** |

**JURISDICTION AND VENUE**

1. This is an action brought pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. § 1132, and to Section 301 of the National Labor Relations Act, as amended (hereafter "the Act"), 29 U.S.C. § 185, and, and for breach of contract. Jurisdiction for the First Claim for Relief is conferred upon this

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.        - Page 1

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

Court by 29 U.S.C. § 1132(a), (e) and (f). Jurisdiction for the Second Claim for Relief is conferred upon this Court by 29 U.S.C. § 185(a). Jurisdiction for the Third Claim for Relief is conferred upon this Court by 28 U.S.C. § 1367. Venue for the First Claim of Relief is conferred upon this Court by 29 U.S.C. § 1132 (e). Venue for the Second Claim of Relief is conferred upon this Court by 29 U.S.C. § 185(a). Venue for the Third Claim of Relief is conferred upon this Court by 28 U.S.C. § 1391(b)(1) and (2), and 28 U.S.C. § 1391(c).

**PARTIES**

2. Plaintiff NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST (hereafter "Northwest Organizational Trust") is a labor-management trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Northwest Organizational Trust is administered in the State of Washington from its place of business at 14090 Fryelands Blvd SE, Suite 290, Monroe, Washington 98272.

3. Plaintiff NORTHWEST SHEET METAL WORKERS WELFARE FUND (hereafter "Welfare Trust") is a labor-management health and welfare trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Welfare Fund is administered in the State of Washington.

4. Plaintiff NORTHWEST SHEET METAL WORKERS PENSION FUND (hereafter "Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Pension Fund is administered in the State of Washington.

5. Plaintiff NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST (hereafter "Supplemental Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c),

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.       - Page 2

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Pension Fund is administered in the State of Washington

6. Plaintiff WESTERN WASHINGTON SHEET METAL TRAINING TRUST (hereafter "Training Trust") is a labor management training fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Training Trust is administered in the State of Washington.

7. Plaintiff NORTHWEST SHEET METAL LABOR MANAGEMENT COOPERATION TRUST (hereafter "Cooperation Trust") is a labor-management trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Cooperation Trust is administered in the State of Washington.

8. Plaintiff SHEET METAL WORKERS LOCAL 66 ("Local 66") is a labor organization. It represents for purposes of collective bargaining persons who are employed in the construction and marine repair industries. Those industries affect commerce within the meaning of the Act.

9. Defendant CRESCENT MECHANICAL, INC., ("Crescent Mechanical") is a sheet metal contractor and is a party to a collective bargaining agreement with Sheet Metal Workers Local 66. That industry affects commerce within the meaning of the Act. Crescent Mechanical has employed or does employ persons represented by Local 66. Crescent Mechanical 's principal place of business is 1320 26th St. NW, #16, Auburn, WA 98001.

10. Defendant GUY HAMILTON, is a resident of the state of Washington and at all material times was a governor and owner of Crescent Mechanical. His registered physical address is the same as that of Crescent Mechanical.

//

//

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.          - Page 3

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

11. Defendant NANCY HAMILTON, is a resident of the state of Washington and at all material times was a governor and owner of Crescent Mechanical. Her registered physical address is the same as that of Crescent Mechanical.

## FIRST CLAIM FOR RELIEF

(Contribution Liability - ERISA)

12. Plaintiffs reallege and incorporate by reference as though set forth fully herein paragraphs 1 through 11 above.

13. The collective bargaining agreement between Defendant and Local 66 was in effect at all times material hereto. By that agreement Defendant Crescent Mechanical became obligated to make monthly contributions to plaintiffs Welfare, Pension, and Supplemental Pension, Organizational, Cooperation and Training Trusts on behalf of employees represented by Local 66. By that agreement Defendant Crescent Mechanical also became obligated to comply with the terms of the trust agreements adopted by plaintiffs.

14. Defendant Crescent Mechanical has also agreed to and has received money from its Local 66 employees, as part of the employees' after-tax wages, which Defendant is and was obligated on a monthly basis to deposit into each employee's account, or submit to Local 66 as part of each employee's dues obligation. Defendant holds such money in trust.

15. Payments due to the Welfare, Pension, and Supplemental Pension, Organizational, Cooperation and Training Trusts, and the amounts of employees' after-tax wages held in trust by Defendant Crescent Mechanical, are calculated pursuant to a contribution reporting form required to be prepared monthly by Defendant Crescent Mechanical.

16. The completed contribution reporting form and accompanying payment are due at the Welfare office and address within fifteen (15) days after the end of each calendar month.

//

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.          - Page 4

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

17. Beginning in July 2012, and continuing to date, Defendant Crescent Mechanical has failed to timely make all contributions to Plaintiffs, and has incurred late fees for months in which it paid after the 15th of the following month, despite its obligation under the collective bargaining agreements to do so and despite demand by plaintiffs.

18. Defendant Crescent Mechanical's contributions owed remain unpaid at this time. As such, Defendant Crescent Mechanical owes outstanding contributions, in violation of its obligations under the trust agreements and the collective bargaining agreement.

19. As such, Defendant Crescent Mechanical owes outstanding contributions and late fees, in violation of its obligations under the trust agreements, the collective bargaining agreement, and Section 515 of ERISA, 29 U.S.C. § 1145, which requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

20. Unless ordered by this Court, Defendant Crescent Mechanical will continue to refuse to pay to the Plaintiffs the contributions, liquidated damages and interest due them. As a result, Plaintiffs will be irreparably damaged.

21. Plaintiffs are entitled to the following pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g):

    (a)    the unpaid contributions;

    (b)    interest on the unpaid contributions;

    (c)    an amount equal to the greater of–

        (i) interest on the unpaid contributions established by the trust agreement of 12% per annum, or

        (ii) liquidated damages of 20% of delinquent contributions provided for under the trust agreement and collective bargaining agreement;

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.         - Page 5

MCKANNA BISHOP JOFFE, LLP
Attorneys at Law
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

     (d)    reasonable attorneys' fees and the costs of this action;

     (e)    such other legal or equitable relief as the court deems appropriate.

## SECOND CLAIM FOR RELIEF

(Contribution Liability - NLRA)

22.    Plaintiffs reallege and incorporate by reference as though set forth fully herein paragraphs 1 through 21 above.

23.    Plaintiffs are also entitled to the following pursuant Section 301 of the Act, 29 U.S.C. § 185, as amended, to enforce the terms of the collective bargaining agreement, which in turn requires Defendant Crescent Mechanical to comply with Plaintiffs' trust agreements.

24.    Plaintiffs' trust agreements require Defendant Crescent Mechanical to remit all contributions due to Plaintiffs prior to their due date. In the event of an employer's failure to do so, the trust agreements provide for Plaintiffs to recover:

     (a)    the unpaid contributions;

     (b)    liquidated damages of 20% of delinquent contributions;

     (c)    interest of 12% per annum on delinquent contributions;

     (d)    reasonable attorney fees and court costs.

## THIRD CLAIM FOR RELIEF

(Breach of Contract)

25.    Plaintiffs incorporate by reference as though set forth fully herein paragraphs 1 through 24 above.

26.    In June and July 2018, for good and valuable consideration, Plaintiffs and Defendants Crescent Mechanical, Guy Hamilton, and Nancy Hamilton entered into an agreement ("Settlement Agreement") to resolve pending litigation in *Northwest Sheet Metal Workers Organizational Trust et al. v. Crescent Mechanical, Inc.*, Case No. 2:18-cv-00382-JCC (W.D. WA). The Agreement required, *inter alia*, Defendants Crescent Mechanical, Guy

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.         - Page 6

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

Hamilton, and Nancy Hamilton to repay amounts due to Plaintiffs for Crescent Mechanical's previous delinquencies from July 2012 through April 2018 by making monthly payments of $1,087.73 per month from July 2018 through June 2020, and of $1622.73 per month continuing thereafter until the amounts due of $71,635.46 was paid in full.

27. The Agreement specified that an additional $3,212.68 in liquidated damages owed by Defendants would be held in abeyance until Crescent Mechanical's complete repayment of the other amounts owed, at which time the liquidated damages amount would be waived. The Agreement specified that if complete repayment was not made according to the terms of the Agreement, the amount outstanding in liquidated damages would not be waived and would be owed by Crescent Mechanical.

28. Defendants also agreed in the Agreement that Crescent Mechanical would remain current with all ongoing contributions due to Plaintiffs while repaying the amounts due under the Agreement, and if Crescent Mechanical did not remain current with its ongoing contributions or fell behind in its repayment amounts, the full amounts due to Plaintiffs under the Agreement, any other outstanding contributions owing at the time of such failure, and liquidated damages and interest on all unpaid contributions would be due and payable.

29. Defendants Guy Hamilton and Nancy Hamilton personally guaranteed the amounts owed by Defendant Crescent Mechanical under the Agreement, and agreed in the Agreement that in the event Crescent Mechanical failed to comply with its promises under the Agreement, that each would be personally liable jointly and severally for all amounts due under the Agreement.

30. Since at least October 2019, Crescent Mechanical has failed to keep current with the ongoing contributions due to Plaintiffs while repaying the amounts due under the Agreement.

//

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.          - Page 7

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

31. Defendants Guy Hamilton and Nancy Hamilton are each jointly and severally liable to Plaintiffs for the same dollar amounts as Defendant Crescent Mechanical.

32. A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by ERISA, 29 U.S.C. § 1132(h).

**REQUEST FOR RELIEF**

WHEREFORE, plaintiffs demand judgment against the Defendants:

1. Obligating Defendants to pay to Plaintiffs Welfare, Pension, Supplemental Pension, Organizational, Cooperation and Training Trusts, and Local 66 the full amount of contributions owing to them, with the proper amount of interest and with a penalty or liquidated damages as established by Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Trust Agreements, and the collective bargaining agreement, in an amount to be proven at trial, but no less than $280,196.70;

2. Restraining and enjoining Defendants, their officers, agents, servants, attorneys, and all persons acting on their behalf or in conjunction with them from refusing to pay to Plaintiffs all funds, including interest, penalties, and liquidated damages, due to them;

3. Requiring Defendants to pay to Plaintiffs reasonable attorneys' fees and the costs of this action as set forth in Section 502(g) of ERISA 29 U.S.C. § 1132(g); and

4. Granting Plaintiffs such further and other relief as may be just and proper.

DATED this 15th day of January, 2020.

                MCKANNA BISHOP JOFFE, LLP

                /s/ Noah Barish
                Noah T. Barish, WSBA No. 52077
                Telephone: 503-821-0960
                Email: nbarish@mbjlaw.com

                Of Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF – NO.     - Page 8

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW
1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121